GRIEVANCE DECISION

(OLR #160809, UFT #M60504)

| | |
|---|---|
| Grievant: | Amadou Konteye |
| Title: | Day-to-Day Substitute Teacher |
| Union: | UFT |
| School or Office/District: | Frederick Douglas Academy/District 5 |
| Articles/Agreement: | Article 2(Fair Practices) |
| | Article 5C3 (Provisional Teachers) |
| | Article 17(Retention, Excessing and Layoff) |
| | Article 20(Matters Not Covered) |
| | Article 22(Grievance Procedure) |
| Nature of Grievance: | The grievant was discriminated against due to Union Involvement. |
| Date of Conference: | November 28, 2016 |
| Persons in Attendance: | Amadou Konteye, Grievant |
| | Parneice Richardson, UFT Representative |
| | Eleanor Radzivilover, Superintendent's Representative |
| | Joseph Gates, Principal (by telephone) |

The grievant or his representative stated that the following occurred and argued that the cited provisions of the Agreement were violated for the following reasons:
Grievant Konteye was a Day-to-Day Substitute Teacher who served four years prior to his discharge on 2/12/16. Grievant Konteye was terminated by Principal Gates on 2/12/16 for Union activities, specifically, because he filed a payroll grievance on 12/15/15. Grievant Konteye asserts this is Union Animus and a violation of Article 2(Fair Practices). Grievant Konteye asserts that this is a further violation of Article 5C3 (Provisional Teachers) of the Day School Teachers Agreement because he was not retained for the duration of the term. The Union asserts that the fact that Grievant Konteye was moved from 'O' pay status to "Q' pay status as a result of the grievance decision dated 3/1/16, this also changes his status from day-to-day substitute to that of a provisional teacher. Provisional Teachers are covered by the Day School Teacher Agreement, and therefore, Grievant Konteye is also covered by the Day School Teacher Agreement. Article 17(Retention, Excessing and Layoff), also of the Day School Teachers Agreement was violated because Grievant Konteye was not retained in his position or removed from it according to the rules in this Article. The Union requests that the chancellor's representative return Grievant Konteye to service, award him the balance of the days for the full term he should have been allowed to work. Those days are from 2/12/16 to 6/26/16

Administration stated that the following occurred and argued that the cited provisions of the Agreement were not violated for the following reasons:
Grievant Konteye admitted that he was a Day-to-Day Substitute teacher at the time of the alleged violation. As such, he is covered by the Agreement covering Day-to-Day substitute teachers and not by the Agreement covering Day School Teachers. Grievant Konteye is not a member of the

bargaining unit covering day school teachers, and is not entitled to claim a violation of the Agreement. Principal Gates asserted at the conference that he did not terminate Grievant Konteye. Principal Gates had received a budgetary memo on 10/31/15 advising him that he had no money available for the spring term to hire substitutes and as a consequence, he had to cover vacancies and absences in-house. No day-to-day substitute teacher was hired after 2/12/16. Grievant Konteye did not lose the ability to work for the DOE. He only was not hired to fill a local vacancy. There was no Union animus. This was a simple matter of budgetary exigencies that did not enable Frederick Douglas Academy to hire any day-to-day substitute.

The undersigned concludes that the following occurred and concludes that the cited provisions of the Agreement were not violated because:
As an initial matter, the Union has improperly cited Articles from the Day School Teachers Agreement. Grievant Konteye is a day-to-day substitute teacher, was a day-to-day substitute teacher at the time of the alleged violation, and is covered by the Agreement covering Day-to-Day Substitute Teachers, and not the Agreement covering Day School Teachers. The provisions of that Agreement have not been violated. The Union claimed that the Provisions of the Day School Teacher Agreement apply, by virtue of the fact that Grievant Konteye was paid on 'Q' status and as such is entitled to status under the Day School Teacher Agreement. Article 5C3 defines the certification requirements for certification as either a Certified Provisional Teacher (CPT) or a Preparatory Provisional Teacher (PPT). Grievant Konteye did not meet the certification requirements as either a PPT or CPT. Consequently, Grievant Konteye is not entitled to benefits under Article 5C3. Moreover, a teacher may be eligible for Q status – which is only a payroll status—however that does not convert the teacher to a PPT or CPT or regular substitute or otherwise provide entitlement to the substitute position through the end of the term. Indeed, the stipulation in Case No. 1339-2664-07 provides for Q payroll status but does not provide rights to a positon/term; thus, the union's claim far exceeds what was previously negotiated between the parties. Accordingly, the undersigned concludes that there has been no violation of the cited provisions of the Agreement and the grievance is denied.

Heard by:
ALAN R. LICHTENSTEIN,
Chancellor's Representative

APPROVED:
*Carmen Fariña* 1/3/2017
CARMEN FARIÑA,       dated
CHANCELLOR
AL