UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

AMADOU KONTEYE,

      Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
and JOSEPH D. GATES,

      Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

17 Civ. 2876 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

  Plaintiff Amadou Konteye, *pro se*, brings this action against Defendants New York City Department of Education ("DOE") and Joseph D. Gates for employment discrimination, retaliation, and creating a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297, and New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101–131. Plaintiff claims that he was discriminated against by Gates because of his Senegalese national origin while employed by DOE as a French teacher at the Frederick Douglass Academy (the "Academy"). (Emp't Discrimination Compl. ("Compl."), ECF No. 2, at 3.) He also alleges that Gates retaliated against him by terminating him because he filed a union grievance. (*Id.*)

  On May 8, 2017, this matter was referred to Magistrate Judge Robert W. Lehrburger. (Order of Reference, ECF No. 6.) On September 21, 2018, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Defs.' Mot. For Summ. J., ECF No.

53.) Before this Court is Magistrate Judge Lehrburger's Report and Recommendation ("Report") recommending that Defendants' motion for summary judgment be granted.[1] (ECF No. 74.)

Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 47.) Plaintiff filed timely objections on April 24, 2019. (Pl.'s Objs. to Mag. J.'s R. & R. ("Objs."), ECF No. 75.) Having reviewed Magistrate Judge Lehrburger's Report and the objections made thereto, this Court ADOPTS the Report in full and OVERRULES Plaintiff's objections. Accordingly, Defendants' motion for summary judgment is GRANTED.

## I. LEGAL STANDARDS

### 1. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Where there are objections, however, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson*, 618 F. Supp. at 1189–90 (internal citation omitted); *see Raddatz*, 447 U.S. at 675–76.

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge." *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation and internal quotation marks omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### 2. Motion for Summary Judgment.

Summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it impacts the outcome of the suit under the governing law. *See Roberts v. Univ. of Rochester*, 573 F. App'x 29, 31 (2d Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When considering a motion for summary judgment, the court is not to weigh the evidence but is instead "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Phillips v. DeAngelis*, 331 F. App'x 894–95 (2d Cir. 2009) (quoting *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Williams v. McAllister Bros. Inc.*, 534 F.2d 19, 21 (2d Cir. 1976).

To defeat a motion for summary judgment, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn[,]" *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). The nonmoving party cannot "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986); *see also Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (affirming dismissal of plaintiff's evidence as "too conclusory to withstand summary judgment").

### 3. *Pro Se* Plaintiff.

Courts accord leniency to parties appearing *pro se* by construing their pleadings "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (finding that the district is "obligated to construe a *pro se* complaint liberally"). "It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants [because *pro se* litigants] generally lack[] both legal training and experience and, accordingly, [are] likely to forfeit important rights through inadvertence if [they are] not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Because of this, courts must grant unrepresented parties "extra leeway in meeting the procedural rules governing litigation . . . ." *In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008) (quoting *Enron Oil Co. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (noting that a *pro se* litigant's rights "should not be impaired by harsh application of technical rules").

*Pro se* submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). Thus, to the extent that a *pro se* party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Id.* Here, Plaintiff's objections are general and conclusory, and they reiterate the arguments he raised in his opposition to Plaintiff's motion for summary judgment. (*See generally*, Objs.) Accordingly, this Court will review the Report for clear error.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS GRANTED

The Report correctly found that Defendants are entitled to summary judgment on the merits of the claims before this Court. Plaintiff's Title VII employment discrimination and retaliation claims fail under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff's hostile work environment claim also fails because Plaintiff's vague allegations that Gates "verbally harassed him" are not sufficiently severe or pervasive. Similarly, all of Plaintiff's NYSHRL and NYCHRL claims fail under the *McDonnell Douglas* framework as well. Finally, his NYCHRL claims also fail the additional considerations required by the Second Circuit in *Mihalik v. Credit Agricole Cheuvreux N. Am. Inc.*, 715 F.3d 102, 112–13 (2d Cir. 2013).

### 1. Plaintiff's Title VII Claims Are Partially Time Barred.

The Report correctly found that Plaintiff's Title VII claims based on incidents that occurred prior to June 15, 2015, are time barred. (Report at 25.) Title VII requires plaintiffs to file a charge

5

with the United States Equal Employment Opportunity Commission ("EEOC") "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Here, Plaintiff filed his charge of discrimination with the EEOC on August 18, 2016. Therefore, Title VII's statute of limitations bars any claims arising from events occurring before June 15, 2015. *See Bascom v. Fried*, 116 F. App'x 300, 302 (2d Cir. 2004); *see also Dunn v. URS Corp.*, No. 13 Civ. 6626 (ALC), 2015 WL 220990, at *5 (S.D.N.Y Jan. 12, 2015) ("the only adverse actions [under Title VII] properly under consideration by this Court are those occurring [within 300 days prior to] the date of the EEOC submission."). Plaintiff does not address the statute of limitations issue in his opposition to Defendants' motion for summary judgment. (Pl.'s Opp'n to Defs.' Mot. for Summ. J., ECF No. 63.)

Accordingly, Defendants' motion for summary judgment is GRANTED as to Plaintiff's Title VII claims based upon events that took place before June 15, 2015.

### 2. Plaintiff's Title VII Disparate Treatment Claim Fails.

Title VII prohibits employment discrimination against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2003e-3(b). As Magistrate Judge Lehrburger's Report correctly notes, to state a claim for discrimination under Title VII, Plaintiff must establish a *prima facie* case that "(1) [he] is a member of a protected class; (2) [he] is qualified for [his] position; (3) [he] suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." (Report at 15 (citing *Ruiz v. County of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010)); *see also McDonnell Douglas*, 411 U.S. at 802; *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015). If Plaintiff successfully establishes his *prima facie* case, then Defendants must "articulate some legitimate, non-discriminatory reason" for the adverse employment action. *Vega*, 801 F.3d at 83. The burden then shifts back to Plaintiff

6

"to demonstrate by competent evidence that the legitimate reasons offered by [Defendant] were . . . a pretext for discrimination." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009) (internal citations omitted). This three-part analysis is known as the "*McDonnell Douglas* Framework."

Magistrate Judge Lehrburger correctly concluded that Plaintiff satisfies the four factors required to make his *prima facie* case under the *McDonnell Douglas* Framework. (Report at 27.) But Magistrate Judge Lehrburger also reviewed ample evidence that Plaintiff was "excessed"[2] from his position at the Academy due to a school-wide funding shortage, and that *all* substitute teachers were excessed for the 2015–16 academic year. (*Id.* at 5–6.) This was a "legitimate, non-discriminatory" reason to terminate Plaintiff that is not pretextual. (*Id.* at 27–28.) *See Hartley v. Rubio*, 785 F. Supp. 2d 165, 180 (S.D.N.Y. 2011) (finding that plaintiff "must offer more than . . . conclusory allegations that the defendants' proffered reasons were false"); *see also In re N. Y. C. Dep't of Educ.*, No. 15 Civ. 7150 (AJN), 2019 WL 1433163, at *7 (S.D.N.Y. Mar. 29, 2019) (holding that a lack of funding was "a legitimate, nondiscriminatory reason" for denying plaintiff additional overtime work).

Finally, Magistrate Judge Lehburger correctly concluded that Plaintiff did not meet his burden to show that Defendants' explanation was merely a pretext for discrimination. (Report at 28.) In fact, Plaintiff provides no evidence that would allow a reasonable trier of fact to infer that he suffered national origin discrimination. (*Id.* at 28–30.) He only makes conclusory assertions that he was discriminated against by his supervisors because 27 other individuals were "hired over" him. (*Id.* at 28 (citing Compl. ¶ IV-B).) Plaintiff does not, however, identify the national origin

---

[2] Defendant distinguishes "excessing" from "terminating" because even if Plaintiff was unable to work for the Academy, he could nonetheless "accept assignments for other schools available on the DOE's SubCentral System database, a centralized website that tracks job opportunities for substitute teachers." (Report at 6.)

7

of these individuals, nor does he offer evidence that these individuals were similarly situated in all material respects. (*Id.* at 28–29.) Such conclusory allegations are insufficient to raise a genuine issue of material fact. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 222 (2d Cir. 2004) (finding that conclusory allegations of racial animus "are insufficient . . . to show the existence of a genuine issue to be tried"). There is no evidence in the record showing that Gates favored similarly situated employees that did not share Plaintiff's protected national origin. (Report at 29–31.)

Accordingly, Defendant's motion for summary judgment as to Plaintiff's Title VII discrimination claim is GRANTED.

### 3. Plaintiff's Title VII Retaliation Claim Fails.

The Report also correctly concluded that Plaintiff failed to show that he was excessed in retaliation for engaging in protected activity under Title VII. (Report at 32–35.) Retaliation claims under Title VII are also subject to the *McDonnell Douglas* Framework. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) ("In adjudicating retaliation claims, courts follow the familiar burden-shifting approach of *McDonnell Douglas*"). To bring a successful retaliation claim, Plaintiff must thus establish a *prima facie* case under the burden-shifting *McDonnell Douglas* Framework. *See Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013); *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

Plaintiff first claims that he was excessed from the Academy in retaliation for filing Union grievances. (Report at 32.) But the Report found no "causal connection" between the grievances and Plaintiff's eventual excision since all *per diem* employees were excised on the same day in response to budget deficits at the Academy. (*Id.* at 32–33 (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)); *see also Natofsky v. City of N. Y.*, 921 F.3d 337, 348 (2d Cir.

8

2019) (stating that Title VII claims require the plaintiff to prove that discrimination was the but-for cause of the alleged retaliation). Therefore, Plaintiff's retaliation claim based on his filing of Union grievances does not meet the fourth element of the *McDonnell Douglas* Framework for a *prima facie* case of retaliation. (Report at 36.)

Plaintiff also alleges that he was "blacklisted" from the Academy by Principal Fullerton, who succeeded Gates in that role in 2017. (Report at 34.) For this allegation, Plaintiff relies on the statement of an unidentified colleague, who asserts that Gates instructed Fullerton to not hire Plaintiff. (Pl.'s Mem. in Opp'n to Defs.' Mot. for Sum. J. ("Opp'n"), ECF No. 64, at 4.) The Report correctly points out, however, that this statement is hearsay, which cannot raise a triable issue of material fact because it is inadmissible at trial. (Report at 34.) *See Rosensaft v. Ashton Tech Grp., Inc.*, No. 97 Civ. 3138 (SAS), 1997 WL 749384, at *3 (S.D.N.Y. Dec. 4, 1997) (inadmissible hearsay cannot raise a triable issue of fact sufficient to defeat a motion for summary judgment); *Selvam v. Experian Info. Sols., Inc.*, 651 F. App'x 29, 31–32 (2d Cir. 2016) (holding that "the party opposing summary judgment 'cannot rely on inadmissible hearsay in opposing a motion for summary judgment[ ] absent a showing that admissible evidence will be available at trial.'") (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985)). Therefore, the Report correctly found that Plaintiff did not adequately show that he was retaliated against by being "blacklisted" by the Academy. (Report at 34.)

Finally, Plaintiff claims that Gates retaliated against him by refusing to sign his "OT-37" form, preventing him from receiving a professional New York State teaching license. (Report at 10; Compl. at 6.) Indeed, the OT-37 form verifies any paid teaching experience an individual has while seeking a professional license. (Decl. of Assistant Corp. Counsel Katerina Souliopoulos in Supp. of Defs.' Mot. for Summ. J. ("Souliopoulos Decl."), Ex. B (Affidavit of Peter Ianniello in

9

Supp. of Defs.' Mot. for Summ. J.), ECF No. 57-2, ¶ 15–17.) Therefore, it is required to become a tenure-track teacher for the DOE. (*Id.*) The Report correctly highlights, however, that this form cannot be signed by a school principal. (Report at 35 (citing Souliopoulos Decl., Ex B ¶ 15–17.) Therefore, Gates's failure to sign the form cannot be an "adverse employment action" under Title VII because Plaintiff "has suffered no adverse consequence from Principal Gates not signing a form that he is unauthorized to sign." (Report at 35.) Principal Gates's inability to sign the OT-37 form was at most an "inconvenience" to Plaintiff. *See O'Toole v. County of Orange*, 255 F. Supp. 3d 433, 441 (S.D.N.Y. 2017) (finding that a "materially adverse" employment action is 'more disruptive than a mere inconvenience [.]'" (quoting *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000)). The Report thus correctly found that Plaintiff's retaliation claim based on Gates's failure to sign the OT-37 form does not meet the third *prima facie* element of the *McDonnell Douglas* Framework for retaliation. (Report at 35.)

Accordingly, Defendants' motion for summary judgment as to Plaintiff's Title VII retaliation claim is GRANTED.

### 4. Plaintiff's Title VII Hostile Work Environment Claim Fails.

The Report correctly determined that, considering the totality of the circumstances, Plaintiff failed to meet his burden of showing that "[his] workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 320–21 (2d Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff vaguely alleges that Gates "verbally harass[ed] [him]" and "forcefully criticized [him] by intending to harm and produce negative emotions on [him] . . . [and by] screaming at [him] in the presence of the Assistant principal." (Opp'n at 2.) None of these

10

allegations are sufficiently severe or pervasive to rise to the level of "discriminatory intimidation," "ridicule," or "insult," such that a trier of fact could find that Plaintiff was subjected to a hostile work environment. *See e.g. Littlejohn*, 795 F.3d at 321 (finding no hostile work environment where the plaintiff's supervisor made negative statements about her, was impatient and used harsh tones with her, avoided her when she was nearby, declined to meet with her, required her to recreate reasonable accommodation logs, replaced her at meetings, wrongfully reprimanded her, increased her reporting schedule, and sarcastically told her "you feel like you are being left out," and that she did not "understand the culture" at the workplace); *see also Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 62 (2d Cir. 1992) (the actions that would create a hostile work environment must be "repeated and continuous," and not merely "isolated acts or occasional episodes.")

Accordingly, Defendants' motion for summary judgment as to Plaintiff's Title VII hostile work environment claim is GRANTED.

### 5. Plaintiff's NYSHRL Retaliation And Hostile Work Environment Claims Fail.

This Court evaluates NYSHRL retaliation and hostile work environment claims under the same standard as Title VII claims. *See Wegmann v. Young Adult Inst., Inc.*, No. 15 Civ. 3815 (KPF), 2016 WL 827780 at *9 (S.D.N.Y. Mar. 2, 2016) (A "claim under the NYSHRL is analyzed in an identical manner" to a Title VII discrimination claim (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000) (same). The Report therefore correctly applies the same burden-shifting analysis of the *McDonnell Douglas* Framework to Plaintiff's NYSHRL claims, necessarily concluding that they also fail for the same reasons as his Title VII claims. (Report at 40.)

Accordingly, Defendants' motion for summary judgment as to Plaintiff's NYSHRL retaliation and hostile work environment claims is GRANTED.

### 6. Plaintiff's NYCHRL Claim for Employment Discrimination Fails.

Plaintiff's claims under NYCHRL are also subject to the *McDonnell Douglas* burden-shifting Framework. *See Doe v. Major Model Mgmt. Inc.*, No. 11 Civ. 6182 (KBF), 2012 WL 763556, at *10 (S.D.N.Y. Mar. 9, 2012). This Court interprets Section 8-107 of the City's Administrative Code "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of N. Y.*, 947 N.E.2d 135, 137 (N.Y. 2011). In reviewing claims under NYCHRL, the Second Circuit directs district courts to additionally weigh six factors:

> (1) NYCHRL claims must be analyzed separately and independently from federal and state discrimination claims; (2) the totality of the circumstances must be considered including the overall context in which the allegedly discriminatory conduct occurs; (3) the federal severe or pervasive standard of liability does not apply to NYCHRL claims, and the severity or pervasiveness of conduct is relevant only to the scope of damages; (4) the NYCHRL is not a general civility code, and a defendant is not liable if the plaintiff fails to prove the conduct is caused at least in part by discriminatory or retaliatory motives; (5) while courts may still dismiss truly insubstantial cases, even a single comment may be actionable depending on context; and (6) summary judgment is still appropriate in NYCHRL cases, but only if the record establishes as a matter of law that a reasonable jury could not find the employer liable under any theory.

*Mihalik*, 715 F.3d at 113. (Report at 22.) Magistrate Judge Lehrburger appropriately applied these factors, and correctly concluded that "[n]o reasonable jury could find that the DOE or Principal Gates discriminated against Konteye [because] [t]here is no evidence that Konteye was treated differently than any similarly-situated" *per diem* employee who was not of Senegalese national origin. (*Id.* at 44.)

Accordingly, Defendants' motion for summary judgment as to Plaintiff's employment discrimination claim under the NYCHRL is GRANTED.

12

### 7. Plaintiff's NYCHRL Claim for a Hostile Work Environment Fails.

Additionally, NYCHRL does not differentiate between discrimination and hostile work environment claims, which means that this Court should perform the same analysis on Plaintiff's hostile work environment claim as it does on his discrimination claim. *See Sotomayor v. City of N. Y.*, 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012), *aff'd*, 713 F.3d 163 (2d Cir. 2013) (per curiam) (stating that "hostile work environment claims are analyzed under the same provision of the NYCHRL as discrimination claims.").

Accordingly, Defendants' motion for summary judgment as to Plaintiff's hostile work environment claim under the NYCHRL is GRANTED.

### 8. Plaintiff's NYCHRL Retaliation Claim Fails.

To prevail in a NYCHRL retaliation claim, Plaintiff must show that (1) he took action opposing the discrimination he faced, and (2) the employer engaged in conduct that was "reasonably likely to deter a person from engaging" in such action as a result. *Mayers v. Emigrant Bancorp, Inc.*, 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011); *see also Albunio*, 947 N.E.2d at 138. NYCHRL claims are also analyzed under the *McDonnell Douglas* Framework, and by weighing the factors laid out in *Mihalik*. *See Sletten v. LiquidHub, Inc.*, No. 13 Civ. 1146 (NRB), 2014 WL 3388866, at *4 (S.D.N.Y. July 11, 2014) (citing *Mayers*, 796 F. Supp. 2d at 446).

The Report correctly applied these tests to Plaintiff's complaint, finding he offers no evidence that he opposed the discrimination he allegedly faced, or that he was retaliated against as a result of said action. (Report at 45.) For instance, filing a grievance[3] with the teacher's Union

---

[3] Plaintiff filed three Union grievances. First, he filed a grievance in December 15 alleging that he was only paid the *per diem* rate for his teaching services from April 2012 to February 2016, instead of the slightly higher regular long-term substitute teacher rate. (Report at 11.) This grievance was sustained in part, and the DOE paid the difference between the two fees for the period from September 8, 2015 to February 12, 2016. (*Id.*) Plaintiff's second grievance was filed on April 1, 2016, "alleging that Gates retaliated against him by excessing him from the Academy because of his filing of the first grievance."

13

is not considered an "action opposing discrimination" under NYCHRL. (*Id.* (quoting *Pezhman v. City of N. Y.*, 851 N.Y.S.2d 14, 16 (App. Div. 2008)).)

Accordingly, Defendants' motion for summary judgment as to Plaintiff's NYCHRL retaliation claim is GRANTED.

## III. CONCLUSION

Magistrate Judge Lehrburger's Report and Recommendation is ADOPTED. Plaintiff's objections are OVERRULED. Defendants' motion for summary judgment, ECF No. 53, is GRANTED. The Clerk of Court is directed to close the motion and mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
      July 18, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

(*Id.*) This grievance was denied on January 3, 2017. (*Id.* at 12.) Plaintiff's third and final grievance was filed on May 5, 2016, alleging that Gates was ignoring him. (*Id.*) The Union decided not to pursue this grievance. (*Id.*)

14